## Simon *v.* Allegheny County, Appellant.

Argued January 16, 1940.   Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*James A. Wright,* Assistant County Solicitor, with him *Walter P. Smart,* County Solicitor, for appellant.

*John A. Metz,* of *Metz & Metz,* for appellee.

OPINION BY MR. JUSTICE MAXEY, March 25, 1940:

Upon agreement this case was tried without a jury. The court below found, inter alia, the following facts:

John M. Huston was duly elected Register of Wills of Allegheny County for a four-year term commencing the first Monday of January, 1936, and on the same day J. I. Simon, the plaintiff, was appointed and sworn in as Deputy Register of Wills, to hold office during Huston's term.  At the request of Register Huston a meeting of the Salary Board, consisting of the County Commissioners, the County Controller and the Register of Wills,

438

was called to fix the salary of the plaintiff as Deputy Register of Wills, in accordance with section 2 of the Act of April 29, 1915, P. L. 200, which provides as follows: "The said board shall meet, from time to time, when required by any county officer, president, or other executive head of any separate board or division whatsoever, the number or compensation of whose employes is sought to be fixed and determined, and shall forthwith consider and fix and determine the same, in the manner as they may deem best for the public service; and such county officer, president, or executive head shall sit as a member of said board, and be entitled to vote, so long as the matter affecting his office is under consideration, and no longer; and a decision of the majority shall govern. A full minute of all meetings of said board shall be entered in a book kept for that purpose." At the meeting duly held on January 14, 1936, plaintiff's salary was fixed at $500 a month, effective January 6, 1936.

The court below found further that at no time since that date has Mr. Huston requested the Salary Board to meet for the purpose of fixing the salary of plaintiff, that at all times since January 1, 1936, until the present time, the amount of fees collected by the Register of Wills' office have been in excess of the total salaries payable to the Register of Wills and his employees; and that in February, 1936, the county commissioners and the county controller "met with the various elected officials and with the heads of the various departments of the County of Allegheny in what purported to be meetings of the salary board." Prior to the meeting held on February 26, 1936, notice was given to the office of Huston, the Register of Wills (who was absent from the city), "of the contemplated meeting of what purported to be the Salary Board as affecting his office." Plaintiff, who had been left in charge of the Register of Wills office, was told by telephone that he was wanted at the meeting. He responded and when he was present

a resolution was adopted, over his negative vote, fixing the salary of the plaintiff at $400 a month, effective March 1, 1936. "Beginning March 1, 1936, and each subsequent month thereafter" the plaintiff "was paid, received and accepted the sum of $400 per month, subject to both oral and written protest made by him."

The trial judge held that the meeting of February 26, 1936, was not a valid meeting of the Salary Board, because it was not called and participated in by the Register of Wills himself even though it was attended by the Deputy Register; that therefore the resolution passed at the meeting which attempted to reduce plaintiff's salary was void; and that there was owing and due the plaintiff from March 1, 1937, and ending September 15, 1938, the sum of $3,050, together with interest.

The exceptions filed by defendant county to the findings of fact and conclusions of law were dismissed. Defendant also filed a petition for a rehearing, averring that shortly prior to his taking office, the newly elected Register of Wills submitted a list of the prospective positions in his office for the coming year 1936, together with the salaries requested by him for those positions, and that, since the salaries as requested involved an increase over the salaries for the same positions for the preceding year, which increases must in accordance with the law be passed upon at a meeting of the Salary Board, the submission of the list was in effect a request for Salary Board action; further that the request for increases in salaries for these various positions was not passed upon until the meeting of February 26, 1936, at which time the salary of the plaintiff was reduced. This petition was denied and judgment was entered on the verdict. This appeal followed.

The law is clear that a meeting of the Salary Board to fix the number or compensation of the employees of any county office must be a meeting called by the administrative head of the office to be affected. As the court below aptly said: "Without this limitation any Board

of County Commissioners would occupy a dominant czar-like position in the control of the county's business and would be in a position to dominate or control each and every elected public official and each and every county officer, president, or other executive head of any separate board or division whatsoever. It is futile to argue that they would not do so. It is better to say, as the legislature has, that they cannot do so."

It is assumed that in the joint counsels of the head of any office and the controller and commissioners, a reasonable decision will be reached as to the number of employees in any office and their compensation. If by a subsequent change of conditions, the number and the compensation of employees *should* be changed, the presumption is that the head of the office affected will do his duty and "require" a meeting of the Salary Board. If he is remiss in this duty, the remedy is in the hands of the electorate and not in the hands of other county officials of the same rank.

Appellant says: "It was not necessary that the meeting be called by the Register of Wills if he actually participated in it." It then contends that he did participate in it through the presence of his chief deputy. Appellant cites section 233 of the Act of May 2, 1929, P. L. 1278, reading as follows: "The Register shall appoint a deputy to officiate in his absence, for whose conduct he and his sureties shall be accountable. Such deputy shall be capable in law to do whatever by law appertains to the office of register." If the meeting attended by the Deputy Register had been duly called by his chief, it would have had a status of legality which under the circumstance it lacked. If the Deputy himself had in the absence of his chief "required" the meeting, we would have a different question before us. But the meeting to which the Deputy was summoned by telephone was not a meeting "required" by either the Register of Wills or his Chief Deputy. Therefore, it was not such a meeting as could lawfully fix salaries in the Register of Wills'

office. The physical presence of the Deputy after being so summoned did not invest the meeting with legality for the purpose it was used in respect to the Register's office nor did that presence estop the Deputy from challenging the act done there which affected him and which he voted against and protested against.

Whether or not a Deputy Register of Wills has the same authority a Register has to require a meeting of the Salary Board and to participate in those meetings we do not in this case need to decide, but it would seem to be the better practice for the Register himself, if he is mentally and physically capable of performing the duties of his office, to function officially in his own proper person in a matter so important to his office as the determination of the number of his employees and the salaries they shall be paid. The electorate has a right to expect that the official whom they have chosen to administer the office of Register of Wills, will, in a matter so vital to the proper administration of that office, give the county whose servant he is the benefit of his attentiveness and his judgment. It is doubtful if the legislature ever intended by the above quoted section of The General County Law of 1929 to confer upon a deputy register the power to summon a meeting of the Salary Board to determine the salaries to be paid in the Register's office and to sit at that meeting in place of the Register himself. If a deputy can lawfully do this, it means that he can vote on the question of the amount of his own salary. There are some official duties which by their inherent nature are not delegable.

In appellant's supplemental brief the argument is stressed that "if a Register of Wills need not call a Salary Board meeting unless he so desires, and, in addition, if he is not bound by action at a meeting of which he is notified, but does not attend, he may forever prevent any change in the salaries of his subordinates and this even though such salaries may be excessive and out of proportion to the salaries of other county employ-

442

■■■■■■■■■■■■■■■■■■■■

ees." We have already answered this contention but by way of further answer we will add that if a Register of Wills fails to do his duty in such a matter and the electorate is indifferent, the legislature can remedy the situation by providing that a meeting of the Salary Board to fix the number of employees in all county offices and their compensation shall be held at stated intervals. There is only one reasonable interpretation of the law in this matter as it is now written and that is the interpretation embodied in the conclusion of the court below that "a regularly and legally constituted meeting of the Salary Board never convened on February 26, 1936, and what purported to be a meeting of such Salary Board was a nullity."

The judgment is affirmed.