## Martz *v.* Deitrick, Appellant.

Argued October 6, 1952. Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

George G. Chandler, with him Daniel F. Martini and Robert T. McCracken, for appellants.

Bernard G. Segal, with him Frederick E. Lark, Gilbert W. Oswald and William A. Schnader, for appellee.

OPINION BY MR. JUSTICE JONES, December 5, 1952:

This appeal is from a judgment in mandamus ordering and directing the defendants as members of the salary board of Northumberland County (a county of the fifth class) to take certain specific action with reference to the number of clerks to be employed by the treasurer of the county. The material facts are not in dispute.

The plaintiff, Martz, as county treasurer, and the three defendants, Deitrick, Shroyer and Perles, as county commissioners, took office for the first time on January 7, 1952. The remaining defendant, Gibson, was then, and for fourteen years had been, the county controller. As prescribed by statute, the county commissioners and the county controller constituted the county salary board.[1] At the annual meeting of the salary board on January 10, 1952, the county treasurer participated as a constituent member, the number and salaries of his deputies and clerks then being under consideration.[2] By a vote of three to two, the board adopted a motion made by one of the commissioners to reduce the treasurer's staff to one deputy and three

---

[1] Section 303, The General County Law of 1929, P. L. 1278, as amended by the Act of July 5, 1947, P. L. 1308, 16 PS §303.

[2] Section 306 of the Act of 1929, as amended, cited in footnote 1.

clerks. From 1940, the office force of the treasurer of Northumberland County had consisted of a deputy and five clerks. The board did not, at this first meeting, determine the compensation that should attach to the clerical positions, which it thus allotted to the treasurer's office, in the hope that the evident conflict between the board and the treasurer would be resolved amicably. After several intervening meetings of the board without the attainment of that result, the treasurer on February 25th filed his complaint in this mandamus proceeding; and, on February 29th, the board fixed salaries for one deputy and *three* clerks in the treasurer's office. The treasurer and controller left this meeting before the action just indicated was taken. The court heard testimony on the complaint and, on May 7th, entered the order, now here on appeal, which directed the board to fix salaries for one deputy and *five* clerks in the treasurer's office. Subsequent to the entry of that order, the salary board met and, under protest, authorized the employment by the treasurer of two extra clerks and the payment of their salaries conditioned upon the entry of indemnification of the county should the board's appeal to this court be sustained and the order of May 7th set aside.

Recognizing that mandamus does not lie to compel the exercise of a public official's discretion in a particular manner (citing *Goodman v. Meade,* 162 Pa. Superior Ct. 587, 60 A. 2d 577), the court below entertained the complaint on the ground that the salary board had acted capriciously and arbitrarily. A careful reading of the record fails to disclose wherein the action of the salary board was either capricious or arbitrary. The board may have been mistaken in its conclusions, but that it acted in good faith cannot justly be denied. It is implicit in the lower court's opinion that, for the purposes of the case, it assumed

that the salary board had authority to fix the number of employees of the office and, accordingly, did not rule on the legal question involved as to whether the salary board had such authority to act at its annual meeting but went ahead and entered the judgment directing the board to take action with respect to fixing the salaries of the larger number of employees of the treasurer's office which the court undertook to fix and determine. The underlying question for decision, therefore, is whether the salary board has a discretion to exercise in respect of the number of employees to be allowed the treasurer's office. If it has, then the action of the lower court in interfering with the board's discretion was error.

The pertinent statute on the question of the board's power in the premises is the amendment of July 5, 1947, P. L. 1308, of The General County Law of 1929, P. L. 1278.[3] This amendment set up and conferred powers upon salary boards in counties of the second, third, fourth, fifth and sixth classes (which had theretofore had such boards under separate prior statutes) and, for the first time, the amendment created and empowered salary boards in counties of the seventh and eighth class as well: 16 PS §303 to §306 incl. An accompanying Act, namely the Act of July 5, 1947, P. L. 1331, 16 PS note to §303, abolished all existing salary boards in counties of the classes designated by expressly repealing the various prior statutes under which such boards had been set up, and transferred their books, records and property to the boards created by the amendment of 1947. Since then, the law relative to county salary boards is applicable generally to

---

[3] The General County Law of 1929, P. L. 1278, until amended by the Act of July 5, 1947, P. L. 1308, had not contained any provisions relating to county salary boards.

all counties of all classes except for counties of the first class of which there is, and has been, only one, namely Philadelphia County.

Section 304 of The General County Law, as so amended, provided that *"At its first meeting on the effective date of this act,* the board shall, . . . fix . . . *the number* and compensation of all deputies, assistants, clerks and other persons, whose compensation is paid out of the county treasury . . . . Thereupon, the number and compensation of all such officers, deputies, assistants, clerks and persons, whether fixed by statute or by any other method, are hereby repealed. In the event that any salary board shall fail to fix the number or compensation of any such . . . deputies [etc.] . . ., as required by this section, the number and compensation shall continue as fixed by or pursuant to law on the effective date of this act with like effect as though the same had been so fixed by the board" (Emphasis supplied). The specified effective date of the 1947 amendment was July 1, 1947, but the Governor did not actually approve it until July 5, 1947.

At the *first* meeting of the salary board of Northumberland County on July 5, 1947, pursuant to the foregoing provision, the board either fixed *the number* and compensation of the employees of the treasurer's office, and so repealed its prior arrangements in such regard, or it did not take any positive action in the matter in which case the number and compensation of the employees of the treasurer's office continued as it had been prior thereto "as though the same had been so fixed by the board" as provided by Section 304. Which of these two courses was actually pursued the record does not reveal. In any event, the number of employees in the treasurer's office of Northumberland County at the time of the salary board's *annual* meet-

ing on *January 10, 1952*, was what it had been since 1940, namely, one deputy and five clerks.

For the future (i.e., after the *first* meeting on the effective date of the Act), Section 305 of the 1947 amendment imposed upon salary boards the continuing duty of revising *annually* the "salary schedule" of the county employees, Section 305 declaring in such regard that "At *each annual meeting* the board *shall* revise the salary schedule, so far as it shall deem such action necessary . . ." (Emphasis supplied).

The present appellee (the plaintiff-treasurer) contends, however, that "salary schedule", as so used in Section 305, was meant to include only *the compensation* of deputies and employees and that consequently the board's power to revise *the number* of such employees, other than at its *first* meeting on the date of the amendatory Act (July 5, 1947), resides solely in the further provision of Section 305 that "From time to time, between annual meetings, *whenever required by any . . . county officer . . .*, the number or compensation of whose deputies, assistants, clerks and employes is sought to be fixed, the board shall meet and consider, and shall fix and determine the same . . ." (Emphasis supplied). In this way, the appellee urges upon us, as controlling, our ruling in *Simon v. Allegheny County*, 337 Pa. 436, 11 A. 2d 868. But, the *Simon* case rested upon a markedly different statute than is here involved, namely, the Act of April 29, 1915, P. L. 200, 16 PS §§2265, 2266, which applied only to Allegheny County and was expressly repealed on the same day that the present salary board Act (amendment of 1947 supra) was enacted. Section 2 of the Act of 1915 provided only that "The said board shall meet, from time to time, *when required by any county officer,* . . . the number or compensation of whose employes is sought to be fixed and determined, and shall forth-

with consider and fix and determine the same, in manner as they may deem best for the public service; . . ." (Emphasis supplied). There was no authority in the Act of 1915, as there is in the amendment of 1947, for a salary board's revision of the number and compensation of the employees of a county office at the board's annual meeting *without a request* from the official head of the office.

The change, which the 1947 amendment effected in the law applicable to the *Simon* case, brought the law relative to salary boards in all counties of all classes, save the first, into harmony with what the law had theretofore been in such regard with respect to counties of the fifth class. Prior to the 1947 amendment, salary boards in counties of the fifth class were provided for by Section 7 of the Act of May 20, 1921, P. L. 1006, 16 PS §2347, and Section 7 of the Act of July 11, 1923, P. L. 1054, 16 PS §2397.[4] Both of these Acts related exclusively to counties of the fifth class. They identically prescribed that it was the duty of the salary board ". . . to meet together *on the first Monday of January in each year,* and from time to time as they may be required by any of the county officers whose salaries are established by this act, *and ascertain and determine the number of deputies or clerks required for the proper dispatch of business by each of such officers,* and fix the salary of said clerks and deputies" (Emphasis supplied).

In the light of the foregoing, there is no basis whatsoever for the present appellee's contention that a

---

[4] See also Section 5 of the Act of April 12, 1923, P. L. 62, 16 PS §2375, which provided a salary board for fixing the number and compensation of the deputies and clerks in the treasurer's office in counties of the fifth class. This Act was later repealed by a companion Act of the 1947 amendment. See Act of 1947, P. L. 1331.

salary board cannot fix the *number* as well as the compensation of the employees of a county office except when requested so to do by the head of the office involved. On the contrary, a salary board, operating under the provisions of the amendment of 1947, has the power and duty to fix and determine, *at its annual meeting,* the number as well as the compensation of the deputies and clerks of a county office without any request from anyone; and that is precisely what the salary board did in the instant case. Moreover, no right of appeal to a court of common pleas from the action of a salary board is any longer provided for as it was under the Acts of 1915, 1921 and 1923, all now repealed.

Since it is the province of a county salary board at its annual meeting to fix the number of clerks to be employed in a county office, its action in such regard necessarily entails an exercise of official discretion which is not to be judicially dictated or modified by way of mandamus. The rule has long been established and calls for little citation of authority. In *Horowitz v. Beamish,* 323 Pa. 273, 275, 185 A. 760, Mr. Justice LINN quoted with approval from *Runkle v. Commonwealth,* 97 Pa. 328, 332, as follows: " 'Where a person or body is clothed with judicial, deliberative or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, though, in fact, the decision may have been wrong' " (citing cases). The *Runkle* case, in turn, had deduced the rule, as above stated, from cases going back to an opinion by Chief Justice TILGHMAN in *Commonwealth v. Cochran,* 5 Binney 87, 102. Again, in *Dechert, Controller of the City and County of Philadelphia v. Commonwealth,* 113 Pa. 229, 235, 6 A. 229, this court said,— "It is well settled that mandamus will lie to compel

the performance by public officers of duties purely ministerial in their character, but it is equally well settled that as to all acts and duties necessarily calling for the exercise of judgment and discretion on their part, mandamus will not lie. Whilst the writ may perhaps be awarded to set the latter class of officers in motion, and to compel action upon the particular matters over which they may have jurisdiction, it will in no manner interfere with the exercise of that discretion nor control or dictate the judgment, or decision which shall be reached. It is unnecessary to quote authorities in support of this plain and well established principle of the law; such has been the uniform course of all the decisions, and in this case we do not understand the doctrine to be denied." For an interesting summary of cases in which a writ of mandamus properly lay, see illustration cited in *Commonwealth ex rel. Kelley v. Pommer,* 330 Pa. 421, 439-440, 199 A. 485.

Judgment reversed at the appellee's costs.