Allegheny County Prison Employees Local Union 693, Appellant, *v.* McClelland.

Argued March 27, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Richard C. McHugh,* for appellant.

*Maurice Louik,* County Solicitor, with him *Thomas
M. Rutter, Jr.* and *Harold Gondelman,* Assistant
County Solicitors, for appellee.

OPINION BY MR. JUSTICE COHEN, April 26, 1963:

Appellant (Local),[1] a labor organization represent-
ing the Allegheny County Prison employees, was in-
volved in a controversy over allegedly inadequate and
unfair wage and salary schedules of prison employees.

---

[1] We note that in contravention of Pa. R. C. P. 2152, this ac-
tion was brought in the name of the union and not by members of
the association as trustees ad litem. However, since appellee-Salary
Board did not object to this defective procedure, we shall consider
this case on the merits.

Local requested appellee (Salary Board)[2] to establish a three-man panel to review their grievances and to make recommendations thereon under the provisions of the Act of June 30, 1947, as amended. When Salary Board refused to act on the request, Local instituted a complaint in mandamus to compel Salary Board to establish this panel. Both parties moved for judgment on the pleadings, Salary Board contending that the Allegheny County Board of Prison Inspectors (Prison Board) was the proper party to appoint a panel under the Act of 1947. The lower court entered judgment on the pleadings in favor of Salary Board and this appeal followed.

The Act of 1947 provides, inter alia, that: "In order to avoid or minimize any possible controversies by making available full and adequate governmental facilities for the adjustment of grievances, the *governmental agency involved,* at the request of the public employes, shall, within fifteen (15) days of such request, set up a panel of three members, one to be selected by the employes, one by the governmental agency, and the two so selected to select a third member." Act of June 30, 1947, P. L. 1183, §1, as amended, 43 P.S. §215.1 (1962 Supp.) (Emphasis supplied).

The narrow issue confronting us, therefore, is whether Salary Board is the "governmental agency involved" under the aforesaid Act. We conclude that it is not.

Under the Act of March 23, 1865, P. L. 607, as amended by the Act of 1941, P. L. 829, Prison Board is responsible for the control, management, maintenance, and discipline over prison matters and prison employees. See *Miller v. County of Allegheny,* 109 Pitt.

---

[2] The executive head of Prison Board should also have been joined as a party-plaintiff under the terms of the Act of July 28, 1953, P. L. 723, §1825, 16 P.S. §4825.

L.J. 136, 137 (1961). Since Prison Board is the agency exercising direct supervision over the employment activities of the members of Local, it is the body to whom the legislature contemplated that grievances should be submitted.

In addition, the salary schedules of prison employees cannot be considered by Salary Board without a request first being made to that body by the executive head of Prison Board. See *Simon v. Allegheny County*, 337 Pa. 436, 11 A. 2d 868 (1940).[3] Absent such a request, Salary Board is powerless to act in this case.

For these reasons we hold that Prison Board and not Salary Board is the "governmental agency involved" under the Act of 1947 and consequently it is the body that should establish a panel of arbitrators under the provisions of that Act.

Order affirmed.

----

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

It is indeed regrettable that public employees seeking the opportunity for discussion and review of their employment and wage grievances should be obliged to resort to litigation to compel their governmental employer to name its representative to the three-member panel. It is regrettable, also, that the governmental agency involved remained indifferently silent and apparently unconcerned while its employees pursued a controversy of this nature to an appellate court. A more responsive attitude, under the circumstances, would have been desirable. Likewise, a more flexible

----

[3] It is true that under the Act of July 28, 1953, P. L. 723, §1824, 16 P.S. §4824, Salary Board can revise salary schedules on its own initiative at its annual meeting. However, under our holding in this case, i.e., that the "governmental agency involved" is the body exercising direct supervision, our result would be the same even at the time of the annual meeting.

procedural attitude by appellant might have produced an earlier approach to the merits of the dispute.

The Legislature, fully aware that in organized community life the early adjustment of grievances of this nature is highly desirable, wisely provided the appropriate setting for such conference negotiations. Delay in setting up the panel creates additional discord and makes effective conciliation more difficult.[1]

Now that the legal responsibility for the agency's participation has been determined, this proceeding will have been a futile and meaningless experience unless the governmental unit involved acts promptly and in harmony with the spirit of the statute creating the panel.

It is clear that the legislative objective has the best chance for success if the governmental employer acts with the same promptness and good faith expected of other employers and if the parties approach the arbitration forum with a mature attitude of mutual reasonableness and understanding, as well as proper regard and appreciation for the public interest.

Mr. Chief Justice BELL and Mr. Justice BENJAMIN R. JONES join in this concurring opinion.

---

[1] Even though more than eight months have elapsed since the employees requested the appointment of the statutory panel, appellant, too, shares responsibility for the delay.