**Pleasant Valley Education Association v. Rinker**

*Maxwell H. Cohen,* for plaintiffs.

*Mervine, Brown & Newman,* for defendants.

WILLIAMS, P.J., January 30, 1968.—On July 31, 1967, plaintiffs filed their complaint in mandamus, the essential averments of which are:

That the association plaintiff is an unincorporated nonprofit association whose membership is composed of a majority of the professional employes of the Pleasant Valley School District;

That the purpose of the association is to elevate teaching and the teaching profession by promoting and protecting the interests of its members, its charges and the public;

That the individual plaintiff, Roger E. Arnold, attended a school board meeting of defendants on January 6, 1967, and requested that a date be set for a meeting of the salary committees of the plaintiff association and defendants. That no date was set but assurances were given that a date would be set. That on April 3, 1967, plaintiff association requested the board to set definite dates for the salary committees to meet for preliminary and then final negotiations concerning salary proposals.

On April 25, 1967, the salary committees met; the school board salary proposal was presented to plaintiffs and comments were invited and given. There were no negotiations between the two committees. On April

27, 1967, the school board approved the salary schedule of its salary committee as a one year schedule.

On May 6, 1967, plaintiff association, on behalf of its members as professional employes of the district, pursuant to the Act of June 30, 1947, P. L. 1183, sec. 1, as amended (43 PS §215.1), made a formal written request to John A. Rinker, president of the board, asking that a panel be established to adjust or make findings concerning grievances held by the association and its members; such matters to include but not be limited to professional salaries. The complaint states that no action was taken by the board on this request.

On June 14, 1967, in response to the board's oral invitation, plaintiffs appeared before the entire board and presented grievances to the board, but there was no discussion or negotiation on the merits of the grievances.

On June 21, 1967, counsel for plaintiffs was given the board's written reply to the grievances of plaintiffs but plaintiffs were not given the opportunity to discuss or negotiate said grievances.

On June 22, 1967, plaintiffs, their attorney, and some professional employes of the school district, appeared at the school board meeting. There was a public discussion concerning the board's written reply to plaintiffs' grievances.

The written reply was approved and adopted by the board without plaintiffs being afforded the opportunity for meaningful negotiations.

The complaint pleads the following provision in the aforesaid Act of June 30, 1947, P. L. 1183:

". . . In the case of grievances or controversies involving professional employes of the public school system of the Commonwealth, the school board or Board of Public Education, at the request of the employes, shall set up a panel of three members, one an

employe of the school district to be selected by the employes, one a member of the Board of school directors or Board of Public Education to be selected by such body, and the third shall be the State Superintendent of Public Instruction, or his nominee . . ."

The complaint further avers that the board has the mandatory duty to convene the panel within 15 days of the request of the employes which period of time has expired without action being taken.

The relief sought is that the court enter a judgment against defendants commanding them forthwith to convene a panel to adjust or make findings of fact concerning employe grievances and controversies in accordance with the aforesaid Act of June 30, 1947, P. L. 1183, sec. 1, as amended.

By stipulation of counsel filed October 21, 1967, the complaint was amended, setting forth that the individual plaintiff, Roger E. Arnold, is a professional employe of defendant school district and that the individual plaintiff, Grace Thompson, is no longer employed by said school district.

On August 23, 1967, defendants filed preliminary objections to the complaint which, in effect, raise two legal questions:

(a) Does plaintiff association have legal capacity to institute the mandamus proceeding? and (b) do the averments in the complaint set forth a cause of action against defendants?

In considering the first preliminary objection, since Roger E. Arnold, a professional employe of the school district, is individually a party to the action, he undoubtedly has the capacity to sue, and there being at least one proper plaintiff to the action, the objection of lack of capacity of the association to sue, if sustained, would not require a dismissal of the complaint as to the individual plaintiff.

Pennsylvania Rule of Civil Procedure 2152 provides as follows:

"An action prosecuted by an association shall be prosecuted in the name of a member or members thereof as trustees ad litem for such association."

The form of the action is, therefore, proper. We now proceed to examine the position of defendants that plaintiff association does not possess the legal capacity to maintain this action of mandamus.

We have found no Pennsylvania decision which denies the members of an unincorporated association the privilege of implementing their legal rights through the medium of an unincorporated association to which they belong and upon which they have conferred the authority to perform this function. On the contrary, we have found a number of cases where the courts have, at least by implication, recognized the rights of an employes' association to assert the right of public employes to request the creation of a grievance panel under the Act of 1947.

In Pittsburgh City Fire Fighters Local No. 1 v. Barr 408 Pa. 325 (1962), plaintiff union was an organization representing firemen employed by the City of Pittsburgh in its fire bureau. In 1960, the city refused the wage formula demanded by the union. The union requested the city to submit this issue to a panel to be appointed pursuant to the Act of 1947. The city refused and the union filed an action of mandamus. The city filed preliminary objections in the nature of a demurrer and requested that the complaint be dismissed for failure to show a cause of action. The court below sustained the preliminary objections and dismissed the complaint. The union appealed. The order of the lower court was reversed with a procedendo.

Here, the sole plaintiff was the union. The request for the establishment of a three-member panel was

made by the union. The Supreme Court, in reversing the lower court and awarding a procedendo, impliedly recognized the right of the employes' union both to make the request for the appointment of a panel under the Act of 1947 and to bring the mandamus action.

In Allegheny County Prison Employees Local Union 693 v. McClelland, 410 Pa. 654, the court in a footnote points out that the action was brought in the name of the union and not by members of the association as trustees ad litem. The remark is addressed only to the form of the action and implies that there is no impropriety in the union being a party to the action.

In Erie Fire Fighters Local No. 293 v. Gardner, Mayor 26 D. & C. 2d 327 (C. P. Erie Co., 1961), the court took jurisdiction of an action of mandamus brought by the union which the paid firemen of the City of Erie had designated as their bargaining union. The right of the union to bring the action was not challenged. The opinion of the court below was affirmed: 406 Pa. 395.

In Lansdale Electrical Workers Assn. v. Borough of Lansdale, 17 D. & C. 2d 349 (C. P. Montgomery Co. 1958), a petition under section 1 of the Act of June 30, 1947, P. L. 1183, as amended, was brought by the association as plaintiff. The right to do so was not challenged. Comparable to the instant case, membership in the electrical union was limited to employes of the electrical plant owned and operated by the borough. As recently as 1967, the Court of Common Pleas of Bucks County in Eberly v. Board of School Directors of Neshaminy School District, 43 D. & C. 2d 233, assumed jurisdiction of an action brought by a number of individual teachers in behalf of themselves and the Neshaminy Federation of Teachers, Local No. 1417, to which they belong. Although the court sustained preliminary objections to the complaint on other

grounds, the status of the local as a party plaintiff was not challenged.

Counsel for defendants argues that a school district, being an agency of the State legislature, possesses only such powers as are expressly or by necessary implication given to it by legislative enactments; that a school board is not required to bargain collectively with an association of the employes; that matters of school management, policy, curriculum, finance and administration have been held by the courts to be solely within the power of the board to determine and for the court to enter an order against defendant school board on behalf of plaintiff education association would be lending a cloak of judicial approval to an improper party. We are not here deciding whether the school board must recognize the association as the bargaining agent for its professional employes; nor are we deciding whether the school board is obligated under the law to negotiate with the plaintiff association. These issues are not before the court and we express no opinion on them. Here, we do have a specific statutory authority in the Act of June 30, 1947, supra, for the professional employes of the school district to request their grievances be heard by a three-member panel. The Supreme Court has recognized that an employes' union may both make the request for the appointment of a panel member by the governmental agency and institute a mandamus action in the event of the failure of the governmental agency to appoint such panel member. In view of these decisions, we hold that plaintiff association is a proper party to this action.

The remaining question raised by the preliminary objections is whether the averments in the mandamus complaint set forth a cause of action.

The Act of June 30, 1947, is known as the Public Employees' Anti-Strike Act. Section 2 of the act ex-

pressly prohibits any public employe from engaging in a strike. Section 1 of the act defines a "strike" and then provides as follows:

"(b) . . . That nothing contained in this act shall be construed to limit, impair or affect the right of any public employe to the expression or communication of a view, grievance, complaint or opinion on any matter related to the conditions or compensation of public employment, or the betterment thereof . . . nor to limit, impair, or affect the right of any such employe to attend meetings, conferences or hearings, relating to such matters, . . . In order to avoid or minimize any possible controversies by making available full and adequate governmental facilities for the adjustment of grievances, the governmental agency involved, at the request of the public employes, shall, within fifteen (15) days of such request, set up a panel of three members, . . . In the case of grievances or controversies involving professional employes of the public school system of the Commonwealth, the school board or Board of Public Education, at the request of the employes, shall set up a panel of three members, one an employe of the school district to be selected by the employes, one a member of the Board of School Directors or Board of Public Education to be selected by such body, and the third shall be the State Superintendent of Public Instruction, or his nominee . . ."

Counsel for defendants argues that by this language, the legislature kept open the right of public employes to expressions of their views, to attend meetings, etc., and it is only when such rights are limited, impaired or affected, that public employes may request the governmental agency involved to participate in the setting up of a statutory grievance panel. He contends that the averments in the complaint show that the school board has not limited, impaired or affected the right of the

public employes to freely express or communicate their views, grievances, complaints, opinions, etc.; therefore, the right to request the creation of the panel to hear the grievances complained of is nonexistent.

We disagree with this contention. This language, as we view it, was employed by the legislature to establish and preserve the fundamental rights of public employes to free expression of their views and ideas on matters pertinent to their employment. Such rights are independent of, and entirely unrelated to, the right to the panel procedures set up by the Act of 1947.

After the statute provides for the establishment and preservation of said rights of public employes in the same paragraph, it then provides:

"In the case of grievances or controversies involving professional employes of the public school system of the Commonwealth, the school board or Board of Public Education, at the request of the employes, shall set up a panel of three members, one an employe of the school district to be selected by the employes, one a member of the board of school directors or Board of Public Education to be selected by such body, and the third shall be the State Superintendent of Public Instruction, or his nominee."

Obviously, the legislature, by this language, intended to provide a grievance machinery for public employes who are forbidden by law to strike. Once it is established that a grievance within the contemplation of the act exists, the governmental agency involved is required to comply with the act. As was said in DeBlasio v. Cecil Township, 28 D. & C. 2d 450, at page 454:

"To summarize, this court is of the opinion that the Act of 1947 indicates a purpose not only of prohibiting strikes by public employes but also of permitting public employes a procedure whereby grievances may be voiced by the employes short of strikes which might

cripple an important governmental function to the detriment of the public at large. In other words, the purpose of the act is to prohibit one weapon of organized labor in its controversies with the governmental agencies, and to reaffirm and establish another effective weapon in determining these controversies without strikes."

Since we find that the act is mandatory upon the governmental agency in the event a controversy or grievance within the contemplation of the act exists between the professional employes of the defendant school district and the school district, there is here present only the issue whether the complaint shows the existence or nonexistence of such a controversy or grievance.

The complaint avers that the school board salary committee met with the salary committee of the employes; that the salary proposal of the school board was presented to plaintiffs and comments were asked and given. There were no negotiations between the two committees at the meeting. The complaint further avers that in plaintiffs' written request for establishing the three-member panel, one of the purposes of the request is to adjust and make findings concerning salary grievances held by the association and its members. It, therefore, appears from the complaint that there exists a grievance on the part of plaintiffs concerning salaries. This is a grievance within the contemplation of the Act of 1947.

In Pittsburgh City Fire Fighters Local No. 1 v. Barr, 408 Pa. 325, pp. 333 and 334, the court said:

"Accordingly, it is our opinion that to deny municipal employees the right to invoke grievance machinery to present demands concerning wages, hours and working conditions would be to defeat the entire purpose of the Act of 1947. The providing of this facility

for discussion is designed in no small measure to compensate for the inability to strike.

"Indeed, it is difficult to believe that the legislature would have provided the elaborate process of hearings and of administrative review in section 1 of the Act (43 P.S. §215.1) if it were not contemplated that major areas of employee-government relations would be handled by the grievance procedure."

In view of the conclusions herein expressed, the court makes the following order:

And now, January 30, 1968, the preliminary objections filed by defendants are dismissed and defendants are granted leave to file an answer to the complaint within 20 days of the date of receipt of notice by their counsel of the filing of this opinion.