## Beharry v. Mascara

*Roger J. Ecker*, for plaintiff.
*Melvin B. Bassi*, for defendants.

GLADDEN, *J.*, October 13, 1983—This action in mandamus is brought by the Controller of Washington County against the County Commissioners in their capacity as members of the Salary Board, as a result of the Salary Board's denial of budget request

submitted by the Controller in November, 1982, for three additional auditing staff positions. The request was denied by Commissioners' memo in December of 1982. No formal action was taken on the request until mid 1983 when controller asked that the issue be placed on the Salary Board agenda for the June 16, 1983, meeting.[1] At the June 16th meeting, the Controller made a motion to create three auditor positions. The motion died for lack of a second.[2]

In June, 1983, the Controller filed a complaint in mandamus, in this court, seeking to compel the Salary Board to act in conformity with the Controller's request for three additional full time positions and authorizing the employment of qualified personnel.

For the following reasons we must deny the relief requested by the controller.

The controller's duties, as set forth in 16 P.S. §1702 (Supp. 1983) are to: ". . . supervise the fiscal affairs of the county including the accounts and of-

---

1. We presume that the motion made at the June 1983 Salary Board meeting was, in part, precipitated by the court order directing the audit of Magistrate Reichel's office. Testimony reveals that the Controller is attempting to conduct the audit of that office under guidelines promulgated by the state court administrator. We learn that this audit has already taken five full weeks, and at least three more weeks may be necessary to complete it. If this amount of time is necessary for the conduct of a routine audit, the interference with magisterial duties occasioned thereby will be disastrous. We do not believe that the State Court Administrator's office would sanction such interference or encourage such dawdling. What is important in a magistrate's audit is that the books balance, all money is accounted for and that justice is not delayed.

2. At this meeting the salary board was comprised of the four permanent members, i.e., three County Commissioners and the Controller.

ficial acts relating thereto of all offices or other persons who shall collect, receive, hold or disburse the public monies of the county."

By Act of Assembly April 8, 1982, P.L. 255, the duties of the controller were extended to include the auditing of: ". . . the accounts of every alderman, magistrate, or district justice within the county and report the results of such audits to the county commissioners, the Auditor General and to the governing body of each political subdivision which is entitled or has a right to receive any monies or funds collected by any such alderman, magistrate or district justice." 16 P.S. 1722.1 (Supp. 1983).

This most recent addition to the responsibilities of the controller creates the issue here, as the controller alleges that her present staff of 14 is insufficient to allow for the execution of the increased statutorily mandated audits.[3]

It is well settled that a mandamus action lies to compel the performance of a ministerial act or duty and is not available when the duty to be enforced is purely discretionary. It may be used to direct the exercise of discretion but not the performance of a particular discretionary act. Philadelphia Newspapers, Inc., v. Jerome, 478 Pa. 484, 387 A.2d 425 (1978), app. dism. 99 S. Ct. 3104, 443 U.S. 914, 61 L. Ed. 2d 877. A ministerial act has been defined as one which a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority. Meadville Area School District. v. Department of Public In-

---

3. The office of the County Controller employs fourteen staff members. Some have accounting backgrounds, but no one has auditing experience, according to the Controller. To some extent this is contested by the former controller.

struction, 398 Pa. 496, 159 A.2d 482 (1960) citing 17 McQuillen, Municipal Corporations (3rd ed.) §51.16. Therefore, the Salary Board's decision whether or not to allocate additional funds to create additional job slots is clearly discretionary in nature. See also Martz v. Dictrick et al., 372 Pa. 102, 92 A.2d 681 (1952) and Beckert v. Warren, 497 Pa. 137, 439 A.2d 638 (1981).

The Salary Board exercised its discretion by denying the controller's request. The original request was denied by letter on December 29, 1982. Motion was made by Ms. Beharry at the June 16, 1983, meeting of the Salary Board and died for lack of a second.

At the hearing it was determined, through testimony, that the employment of three additional full time auditors with fringe benefits would cost the county in excess of $80,000 per year. It was subsequently suggested by the Commissioners that alternatives were available. Estimates were received from independent auditing firms that all fourteen magisterial offices in Washington County could be audited for approximately $28,000 and that the actual audit would require only fifty hours per office to conduct. Such a firm employs certified and trained auditors and accountants. The controller readily admits that present personnel in the controller's office are not sufficiently trained to perform such a task.

Obviously, then, the issue of additional personnel was considered by the Salary Board, which decided that an expenditure in excess of $80,000 for three more employees was not necessary when the job could be performed much less expensively, more professionally and with greater proficiency by an independent organization. Mandamus lies to compel a ministeral act but not to review discretion, except where it is arbitrarily or fraudulently exercised, or

where it is based on a mistaken view of the law. Garratt v. Philadelphia, 387 Pa. 442, 127 A.2d 738 (1956). A review of the record clearly indicates that the Controller's request and other alternatives were explored. Neither statute nor case law supports the proposition that it is illegal for the county to contract with an independent firm to aid the controller's office in the execution of its duties. We will not review discretion lawfully exercised.

Additionally, an audit performed by an independent organization would be performed under the supervision and control of the controller's office. Such an audit would be executed with the needs and purposes of the controller's office specifically in mind and would reflect the matters which the controller, commissioners, the courts and public should know. Moreover, the duty would be executed in conjunction with the subpoena powers, power to administer oaths and penalty powers held by the office of the controller.

The controller has cited Commonwealth ex rel. Carroll v. Tate, 442 Pa. 45, 274 A.2d 193 (1971), to advance her argument that mandamus is appropriate here. In Commonwealth ex rel. Carroll v. Tate, id, it was held that the judiciary has the power to compel the executive and legislative branches of the government to provide the necessary funds for its continued efficient and effective operation. This decision, however, was based upon the long-standing principle of constitutional separation of powers. As our own Supreme Court stated: ". . . the Judiciary must possess the inherent power to determine and compel payment of those sums of money which are reasonable and necessary to carry out its mandated responsibilities, and its powers and duties to administer justice, if it is to be in reality a co-equal, inde-

700

pendent Branch of our Government." Commonwealth et rel. Carroll v. Tate, id at 197.

This decision stems from the judiciary's need and power to protect itself from the potential impairment of its ability to efficiently administer necessary judicial functions. To extend this principle, however, may serve only to encourage other executive departments whose duties are mandated by statute to make similar demands upon the County Commissioners and Salary Board. It is, therefore, very important to consider the effect of establishing such a precedent. It may be that in some cases the community would be better served by awarding more money or increased staff to some department, but it is incumbent that those charged with the management of the county provide the best service at the least cost. We are satisfied that this has been given consideration by the Salary Board in this dispute.

Accordingly, we enter the following

## ORDER

And now, this October 13, 1983, the complaint in mandamus is dismissed for the reasons set forth in this opinion.