Mellinger, Appellant, *v.* Kuhn.

Argued January 8, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Charles W. Eaby,* with him *Marshall M. Cohen,* for appellant.

*Ralph M. Barley,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, March 18, 1957:

On April 29, 1955, the plaintiff, Chester Mellinger, violated a parking ordinance in Manheim Borough, Lancaster County, by remaining for more than two hours at a parking meter in the Market Square of the town, and as a consequence he was sentenced by a justice of the peace to pay a fine and costs of prosecution. On the following night, April 30, 1955, Mellinger again

violated the parking ordinance in the same manner and once more the justice of the peace ordered him to pay a fine and accompanying costs.

While he was violating the parking ordinance and expending his money for fine and costs, another citizen of the town, a Paul B. Shiffer, was parking his vehicle in the same Market Square not for two continuous hours but for thirty-nine hours, but he was not being arrested, prosecuted, and fined as was Chester Mellinger. Incensed over this seeming discrimination Mellinger demanded that the chief of police of the town accord to Shiffer the same fine-and-costs treatment which had been visited on him, Mellinger. The chief of police was not impressed with Mellinger's recommendations and as a consequence Mellinger went into the Court of Common Pleas of Lancaster County seeking a writ of mandamus to compel the burgess and the chief of police of Manheim to prosecute Paul Shiffer and all others who should park their automobiles for a longer period than two hours in the limited parking area in question.

The vehicle which Paul Shiffer operates and interminably parks is a lunch wagon and it occupies a spot across the street from Mellinger's home. Mellinger does not claim that Paul Shiffer conducts his lunch wagon business in a noisy and boisterous manner or that the hungry and thirsty customers who patronize the wagon during the night disturb his rest. He only insists that Shiffer has no more right to remain beyond two hours in Market Square than anyone else.

Whatever may be Mellinger's motive in this lawsuit is entirely irrelevant. Whether he is vexed because he was fined while another apparent violator enjoyed immunity from prosecution is not of importance. The only question before us is whether under the law Mellinger has the right to a writ of mandamus. Man-

damus is an extraordinary remedy and the writ will issue only where there is a clear legal right in the plaintiff, a corresponding duty on the part of the defendant, and a want of any other adequate, appropriate, and specific remedy. (*Travis v. Teter*, 370 Pa. 326, 330; *Easton v. Lehigh Water*, 97 Pa. 554, 560.)

Mellinger is not without an adequate, appropriate and specific remedy. If he believes himself particularly injured by the proximity to his home of the Shiffer lunch dispensary and he has personal knowledge of the violation of the parking ordinance in question, he may himself initiate a prosecution under that ordinance before a justice of the peace. In *Commonwealth v. Mitchell*, 82 Pa. 343, 350, we said: "It is a well-established rule that he who sues for the writ of mandamus, must have some well-defined right to enforce, which is specific, complete and legal, and for which there is no other specific legal remedy, and the right he claims must be independent of that which he holds in common with the public at large." Mellinger does have a specific legal remedy.

There can be no doubt that the Borough of Manheim has authority to enact a parking ordinance. (Sec. 1202 of The Borough Code, 53 P.S. Sec. 13313, and Sec. 1103 of The Vehicle Code, 75 P.S. 663). While it is not true (contrary to popular belief) that all rules have exceptions, it can not be questioned that an iron-riveted ordinance which does not permit some deviation from its generalized prohibitions can and will work exceeding hardship in instances of unusual circumstances. Thus, ambulances, fire trucks, mail trucks, doctors' cars in cases of emergency are allowed privileges which are denied the general public—privileges which, of course, in the end, are intended to benefit the public. Therefore, if the Borough of Manheim sees fit to make an exception in the case of a lunch wagon,

no one can seriously argue that in providing opportunity for the obtaining of food, the Borough Council is exercising some arbitrary power which should be curbed.

It would appear that the Shiffer lunch wagon is something of an institution in Manheim Borough. William Shiffer, father of Paul Shiffer, owned and operated the wagon for 25 years, and upon his death the legacy and trade settled on his son, who, with his wife, apparently carry on the traditions of the established business which is sometimes referred to as a refreshment stand. On March 29, 1955, 325 citizens of the town petitioned the Council to permit the Shiffers to operate their sandwich emporium unmolestedly on Fridays and Saturdays at the place designated. Some rumors had been circulated that Shiffer's mobile restaurant was unsightly and constituted a health menace, but the town fathers, after investigations by their health authorities, concluded that the charges were perverse fiction and accordingly issued a permit to Paul Shiffer which allowed him to "vend and hawk" his wares without hindrance.

The plaintiff does not charge that Paul Shiffer hawks loudly or offensively. There is no suggestion that the inhabitants of the town in any way object to the vending and hawking by Paul Shiffer and his wife. On the contrary, it would seem that, with the exception of Chester Mellinger, the people of Manheim, or at any rate the nocturnal population of the town, derive a measure of satisfaction from having a convenient place where they may stop for a midnight or early morning snack over week-ends.

Since the governing body of the town, within its constitutional and legal prerogatives, has unanimously authorized the enterprise, there is no reason for this Court to interfere, even aside from the legal barriers

to mandamus which obtain, and to which a further brief reference will be made.

Mandamus will not issue to compel the performance of a duty which involves the exercise of discretion and judgment. In *Deckert v. Commonwealth*, 113 Pa. 229, we said: "It is well settled that mandamus will lie to compel the performance by public officers of duties purely ministerial in their character, but it is equally well settled that as to all acts and duties necessarily calling for the exercise of judgment and discretion on their part, mandamus will not lie. Whilst the writ may perhaps be awarded to set the latter class of officers in motion, and to compel action upon the particular matters over which they may have jurisdiction, it will in no manner interfere with the exercise of that discretion nor control or dictate the judgment, or decision which shall be reached."

In the case of *Tanenbaum v. D'Ascenzo*, 356 Pa. 260, this Court said: "Mandamus is an appropriate writ by which a ministerial act or duty will be enforced . . . However, it is only where the duty is ministerial and does not involve the exercise of discretion or judgment that mandamus lies . . . In matters involving official discretion mandamus may be resorted to for the purpose of compelling the exercise thereof, but not to interfere with the manner in which the discretion shall be exercised."

Since the municipal authorities of Manheim have already exercised their discretion in the matter involved, mandamus would have nothing on which to operate.

Judgment affirmed.