Martin et ux., Appellants, *v.* Garnet Valley
School District.

Argued October 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Arnold M. Snyder,* for appellants.

*Andrew J. Forbes,* with him *Cramp & D'Iorio,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 25, 1971:

The appellants, Alfred T. Martin and Elizabeth Martin, are the parents of two children, ages seven and eight years, who, until January 19, 1970, attended the Concord Elementary School operated by the appellee school district. The Concord Elementary School is located approximately six miles from the appellants' home. Although the appellee operates a school-bus system, the only bus which comes to appellants' area terminates at a point approximately eight-tenths of a mile from the appellants' home. According to appellants, in the absence of other means of transportation, their small children must walk eight-tenths of a mile up a long, curving, dangerous hill to the terminus of the bus route, and there are no sidewalks or other methods of ascending the hill other than walking in the narrow road, which, appellants contend, is too hazardous to expect small children to undertake alone.

On January 19, 1970, after a dispute between the appellants and the appellee concerning the adequacy of the transportation furnished to appellants' children by the school district, the appellants obtained the approval of the Board of School Directors of the Rose Tree Media School District and enrolled their children in the Glenwood Elementary School operated by that district at the tuition rate of $131.54 per month.

On January 29, 1970, appellants, through their attorney, made a demand upon the appellee to pay the tuition in conformity with the provisions of the Public School Code of 1949, March 10, P. L. 30, Art. XIII, §1313, 24 P.S. 13-1313, which reads as follows: "Where any pupil in any school district resides one and one-

half miles, or more, by the public road, from the nearest public elementary school in the district, such pupil, unless proper free transportation is furnished to a suitable school in the district, may attend any public elementary school in another school district more convenient of access, on obtaining the consent of the board of school directors of such other school district, and without the consent of the board of school directors of the district where such pupil resides. The district where such pupil resides shall promptly pay, to the district where such pupil attends, the tuition charge provided for by this act. . . ."

When the appellee school district replied that after studying the matter it had concluded that the transportation was adequate and it would refuse to pay the tuition required to send appellants' children to the Rose Tree Media School District's school, appellants filed a complaint in mandamus, seeking to compel the appellee school district to pay the tuition.

The appellee filed preliminary objections in the nature of a demurrer, stating that the appellants' complaint failed to state a cause of action in mandamus and requesting that the complaint be dismissed. On July 8, 1970, after argument before the court en banc, appellee's demurrer was sustained and appellants' complaint for a writ of mandamus was dismissed. Appellants brought this appeal.

The appellants argue that, under Section 1313 of the Public School Code, 24 P.S. 13-1313, it is mandatory upon the appellee school district to pay the tuition for the appellants' children to the Rose Tree Media School District and their refusal to do so entitles appellants to a writ of mandamus.

We do not agree. It is well settled that: "Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty

where there is *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. . . ." (Emphasis in original.) *Travis v. Teter,* 370 Pa. 326, 87 A. 2d 177 (1952). See also *Unger v. Hampton Twp.,* 437 Pa. 399, 263 A. 2d 385 (1970); *Gallagher v. Spring Twp. Bd. of Com.,* 438 Pa. 280, 264 A. 2d 699 (1970).

Payment by the appellee school district of the tuition to the Rose Tree Media School District can be considered a ministerial act mandatory upon the appellee only after it has been determined that the transportation which the district offered the appellants' children was not "proper" under Section 1313 of the statute. However, the determination of whether the transportation is "proper" is, in the first instance, vested in the discretionary power of the school board. Since the term "proper transportation" is nowhere defined, there can be no "clear legal right" in the appellants and no "corresponding duty" in the appellee until a determination has been reached that the transportation provided is not proper.[1]

Appellants contend that by filing preliminary objections in the nature of a demurrer, the appellee, by admitting as true the facts set forth in the pleading, admits that it has already reached that determination. However, the admission is only of the facts stated in the complaint  Even though, for purposes of ruling on the demurrer, appellee must be deemed to have admitted Paragraph 6 of appellants' complaint, i.e.: "6. It has been agreed by Clifford Hendrickson, Assistant County

---

[1] The Public School Code, Section 1362, 24 P.S. 13-1362, does state that free transportation must come within one and one-half miles of the pupil's home but this does not mean that transportation which comes even closer to a pupil's home, as here, where the bus comes within eight-tenths of a mile, might not be found to be improper in a particular case.

Superintendent of Schools, by representatives of the State Police and by various members and representatives of the Garnet Valley School Board that the said road from the Martin home to the school bus terminus is too hazardous to expect small children to traverse," the question of whether the transportation provided was "proper transportation" is still the ultimate issue of law. As to the conclusion of this issue, the appellee's demurrer is not deemed an admission. Nor can mandamus be used to compel the school board to reach the conclusion which the appellants desire. As we stated in *Travis v. Teter, supra*: ". . . [I]n a mandamus proceeding a Court can compel a public official who is vested with a discretionary power to exercise that discretion; but (unless the discretion is arbitrarily or fraudulently exercised or is based upon a mistaken view of the law) it cannot interfere with or control the official's discretion or judgment. Expressed another way, it is the discretion and judgment of the official (who is vested with a discretionary power) which prevails and not that of a Court or a jury or a person aggrieved; and a Court cannot compel such official to exercise his discretion in a manner which will produce a result which the Court may deem wise or desirable . . . ."

Appellants' suit is defective for an additional reason. The appellants are not the proper plaintiffs. The suit should be brought by the Rose Tree Media School District against the appellee school district. The statute makes clear that it is the other school district, not the pupil's parents, which is entitled to reimbursement when another school district accepts a pupil whose resident school district does not provide him with proper transportation. As the statute says: ". . . The district where such pupil resides shall promptly pay, *to the district where such pupil attends,* the tuition charge provided for by the act . . . ." Act of March 10, 1949, P. L.

508

30, Art. VIII, §1313, 24 P.S. §13-1313. (Emphasis supplied.)

Judgment affirmed.

Mr. Justice COHEN took no part in the decision of this case.