## Myers v. Liptak

*John B. McCue,* for plaintiff.

*Sally Lied, Assistant Attorney General* and *Melvin Caplan, Deputy Attorney General,* for defendant.

HOUSE, *P.J.,* January 27, 1978 — On November 28, 1977, plaintiff, a school bus contractor, filed his

complaint in mandamus seeking to compel defendant, a state police officer, to issue a certificate of inspection for a certain new 1977 Ford school bus bearing Pennsylvania registration plate No. SA21223. On the same day, plaintiff filed his motion for peremptory judgment, pursuant to Pa.R.C.P. 1098. Pursuant to this motion, the court issued a rule on defendant to show cause why judgment should not be entered and fixed December 9, 1977, as the return day.

On December 9, 1977, defendant, by the Attorney General of the Commonwealth of Pennsylvania, filed his preliminary objections in the nature of a demurrer to the complaint in mandamus.

On December 15, 1977, an evidentiary hearing was held for the dual purpose of enabling the court to rule upon the preliminary objections as well as to develop a record for disposition of the matter on the merits if the case should proceed to that point.

Based upon the pleadings and the record of the evidentiary hearing, we now sustain the preliminary objections and dismiss plaintiff's complaint in mandamus.

## ISSUE

Does the plaintiff's complaint state a cause of action in mandamus?

## DISCUSSION

The action in mandamus is governed by Pa.R.C.P. 1091 et seq.

Preliminary objections by a defendant to a complaint to mandamus are an allowable pleading under Rule 1091.

A preliminary objection in the nature of a demurrer admits every well pleaded fact in a complaint but does not admit conclusions or averments of law: Martin v. Garnet Valley School District, 441 Pa. 502, 272 A. 2d 9 (1971); South Whitehall Township v. PennDot, 11 Pa. Commonwealth Ct. 558, 316 A. 2d 104 (1974).

In the case at bar, the plaintiff's complaint alleges that:

1. Plaintiff owns the newly delivered bus and is a school bus contractor; and,

2. Defendant is a member of the Pennsylvania State Police and, officially, makes bus inspections and issues certificates of inspection "upon the successful completion of inspection, . . ." and,

3. Defendant did inspect plaintiff's bus at plaintiff's request; and,

4. Defendant refused to issue a certificate of inspection; and,

5. Defendant issued to plaintiff a warning notice stating that said bus failed to pass inspection because "white grille—not in compliance"; and,

6. Plaintiff has a direct interest in the official act of defendant; and,

7. Plaintiff will suffer damage as a result of defendant's failure to issue a certificate of inspection.

In addition, plaintiff's complaint avers certain conclusions of law as to the reasonableness, necessity and constitutionality of the regulation cited by the defendant in refusing to issue the certificate of inspection. These averments, however, would not be admitted by the demurrer and cannot be considered by the court in determining disposition of preliminary objections.

The factual averments of plaintiff's complaint are supported by his testimony at the evidentiary

hearing as well as by the evidence adduced by the defendant at hearing.

The complaint alludes to regulations adopted by the Bureau of Traffic Safety. The demurrer and record of the evidentiary hearing established that the regulation in question reads as follows: "Grilles on new buses sold in Pennsylvania on or after July 1, 1977, must either be chrome plated or school bus chrome yellow." Pa. Code, Title 67, §460.11(g).

There is evidence in the record to indicate that black was an allowable color for school bus grilles prior to July 1, 1977. There is no evidence whatsoever before the court that white has been a permissible color for a school bus grille at least since the regulations of 1970 were promulgated effective September 1, 1970.

From the foregoing it appears that the demurrer is well taken and should be sustained.

There were in effect on November 22, 1977, the date of the inspection, regulations of the Bureau of Traffic Safety relating to color scheme of school buses and requiring, inter alia, either chrome plated or school bus chrome yellow grilles. There is no evidence that these regulations were not lawfully promulgated and adopted. See 7 Pa. Bull. 1654 et seq. (1977).

Defendant, in all respects, followed the mandates of the law. We are without power to compel him to do otherwise. Since plaintiff's complaint simply details the manner in which defendant performed the duty imposed upon him by law and, at the same time, fails to allege wherein he failed or neglected in any particular to perform his lawful duty, said complaint fails to state a cause of action. Consequently, the preliminary objections must be sustained and the complaint dismissed.

While we have concluded that this court is with-

out power to grant plaintiff the relief he seeks, we cannot resist the temptation to comment on the sad state of affairs portrayed here.

The vast growth of government by regulation is largely a post-World War II phenomenon. It is scarcely mere coincidence that this growth has been paralleled by an equally vast decline in citizen confidence in and respect for government.

Undoubtedly, some governmental agency regulations are necessary and desirable. But bureaucratic regulation which extends to the most minute detail of the personal and business affairs of citizens is a cancer feeding on the body of our free society.

Undeniably, uniformity of body color of school buses promotes safety. But where is it writ that the color of a school bus grille contributes to public recognition of the vehicle as a school bus or that the grille color operates in and of itself to promote safety.

Indeed, from September 1, 1970, until July 1, 1977, the *only* authorized color for school bus grilles was black (Title 67—Chapter II—Regulation 210, Part 1, §3(j)).

Thus, we have proceeded from a situation of absolute uniformity of color (black) to a present situation of absolute nonuniformity of color (chrome plating or school bus chrome).

Where, in the scenario, is the consistency and stability which citizens have a right to expect of government? If black was accepted as the *only* uniform and safe color for school bus grilles on June 30, 1977, why is it totally unacceptable on July 1, 1977? If a choice between chrome plating and school bus chrome yellow does not destroy uniformity, how can the expansion of choices to

include white and black and every other color offend against the principle of uniformity?

We strongly suggest that the Secretary of Transportation undertake an immediate review of these regulations to bring them into conformity with common sense if not into conformity with the law.

## ORDER

And now, January 27, 1978, after evidentiary hearing and submission of argument and memoranda of law, and for the reasons contained in the annexed opinion, it is ordered, adjudged and decreed that defendant's preliminary objections to plaintiff's complaint be and are hereby sustained and plaintiff's complaint be and is hereby dismissed.