Lancaster County Tavern Owners Association, by Richard A. Wideman, Earl C. Musser and James F. Cosgrove, Trustees ad Litem, Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued September 14, 1978, before Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

*William E. Haggerty*, with him *James F. Heinly*, and *Morgan, Hallgren & Heinly*, for petitioner.

*J. Leonard Langan*, Assistant Attorney General, with him *Kenneth W. Makowski*, Acting Chief Counsel, and *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, January 30, 1979:

The Lancaster County Tavern Owners Association (petitioner), representing tavern and restaurant liquor licensees from Lancaster County, has filed a petition for review in the nature of mandamus against the Pennsylvania Liquor Control Board (Board). Petitioner seeks to compel the Board to reopen an application proceeding in which Lampeter Restaurant Associates, Inc. (Lampeter) was granted a restaurant liquor license pursuant to the resort area exception of Section 461(b) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-461(b). In addition, petitioner seeks to compel the Board to issue a citation pursuant to Section 471 of the Code, 47 P.S. §4-471, to show cause why Lampeter's license, which issued on September 24, 1976, should not be suspended or revoked or why a fine should not be imposed on Lampeter. Currently before us are the Board's preliminary objections which contend that pe-

titioner does not have standing to bring this action[1] and that mandamus does not lie because petitioner has an adequate remedy at law and because the actions sought to be compelled are discretionary.

In the case of *Nicolella v. Trinity Area School District School Board*, 444 Pa. 544, 281 A.2d 832 (1971), the Supreme Court of Pennsylvania held that mandamus is an extraordinary writ which issues to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. Moreover, it held that in such a proceeding the court cannot compel one who is vested with discretionary powers to perform it in any particular manner and that it cannot interfere with or control a public official's discretion or judgment. *See also Valley Forge Racing Association v. State Horse Racing Commission*, 449 Pa. 292, 297 A.2d 823 (1972); *Morgan v. Bucher*, 442 Pa. 498, 276 A.2d 523 (1971); *Martin v. Garnet Valley School District*, 441 Pa. 502, 272 A.2d 913 (1971). Mandamus does not lie to compel the performance of discretionary acts except where the exercise or nonexercise of discretion is arbitrary, fraudulent, or based on a mistaken view of the law. *Valley Forge Racing Association v. State Horse Racing Commission, supra.*

---

[1] Petitioner here may not have a sufficient interest to maintain an action in mandamus. *See Pennsylvania Tavern Association v. Pennsylvania Liquor Control Board*, 472 Pa. 567, 372 A.2d 1187 (1977), wherein the standing analysis of *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975) (plurality opinion), involving standing to appeal, was applied in a mandamus action. The nexus between petitioner's competitive injury and the Board's decision to grant Lampeter a restaurant liquor license appears to be too remote to confer upon petitioner standing to maintain this suit in mandamus. Petitioner has not established a sufficiently close connection between the Board's action or inaction complained of here and any resulting injury to themselves.

Petitioner has failed to sustain its burden of showing, in this mandamus action, that it has a clear right to the remedy requested, because the reopening of an application proceeding after the grant of a restaurant liquor license and the issuance of a citation for the revocation of the license granted are matters within the Board's discretion. On this record, there is no showing that the Board's failure to exercise its discretion relative to reopening the application proceeding or issuing a citation for the revocation of the license granted Lampeter would be arbitrary, fraudulent, or a mistake of law. Thus the petitioners do not have a clear right to a writ of mandamus[2] and we will enter the following

### ORDER

AND Now, this 30th day of January, 1979, the Pennsylvania Liquor Control Board's preliminary objections to the Lancaster County Tavern Owners Association's petition for review in the nature of mandamus are sustained, and the petition is dismissed.

---

[2] Since we have found that mandamus does not lie here to compel the Board to exercise its discretionary powers in the manner requested by the petitioner, we need not pass on the other preliminary objections asserted by the Board.