John Kuruce, Donald A. Panyko and Thomas Logue *v.* The Borough of McKees Rocks et al. Borough of McKees Rocks, Appellant.

Argued May 10, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Samuel J. Pasquarelli,* for appellants.

*Michael J. McCaney, Jr.,* with him *Ronald P. Koerner,* and *Gatz, Cohen, Segal & Koerner,* for appellees.

OPINION BY JUDGE MENCER, September 11, 1979:

Section 1190 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46190, insofar as relevant to this case, requires that, when a reduction of the police force is necessary for economy reasons, "the reduction shall be effected by furloughing the man or men . . . *last appointed* to the . . . force." (Emphasis added.) In this case, the Borough Council of the Borough of McKees Rocks furloughed three officers for reasons of economy. There is no question that the first two officers selected were the most recent appointees and were properly furloughed.[1] The third officer selected, however, was one of a group of four officers who were *simultaneously* appointed to the police force in 1972. Unfortunately, The Borough Code provides no method of selecting the officer to be furloughed where more than one officer shares the same time of appointment.

John Kuruce, the officer selected by the Borough Council for furlough instituted an action in mandamus in the Court of Common Pleas of Allegheny County seeking to compel his reinstatement. That court granted relief to Kuruce,[2] and the Borough then appealed to this Court.

"Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is *clear* legal right in the plain-

---

[1] The first two officers furloughed, Donald Panyko and Thomas Logue, contended below that they had been improperly discriminated against, but this contention was rejected by the lower court. Panyko and Logue have not appealed from that decision.

[2] Kuruce had already been reinstated prior to the lower courts decision, but that court awarded back pay to Kuruce in the amount of $2,350.

tiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. . . ." *Travis v. Teter*, 370 Pa. 326, 330, 87 A.2d 177, 179 (1952) (emphasis in original, citations omitted). *See also Lancaster County Tavern Owners Association v. Pennsylvania Liquor Control Board*, 40 Pa. Commonwealth Ct. 201, 396 A.2d 918 (1979). In this case, there is no provision of The Borough Code or any other statute which gives Kuruce a right to remain on the force in preference to others who were appointed to the force at the same time, nor is there any provision which imposes upon the Borough a duty to furlough anyone other than Kuruce. Section 1190 of The Borough Code simply does not provide for the situation with which the Borough Council was confronted. Thus, it became a discretionary matter for Council. Absent a clear right in Kuruce and a corresponding duty in the Borough, the lower court erred in granting the relief requested by Kuruce.

Kuruce's arguments to the contrary are entirely lacking in merit. The fact that Kuruce's name was listed first on the motion to appoint the four men to the force does not create a clear legal right in Kuruce to be furloughed last. The motion was voted upon as a whole by the Borough Council, and the appointments occurred simultaneously when the motions passed. Similarly, the fact that Kuruce's name is listed above the other three officers in the Borough's payroll records is a trivial fact which creates no legal rights whatsoever.

Order reversed.

ORDER

AND Now, this 11th day of September, 1979, the order of the Court of Common Pleas of Allegheny County, dated June 20, 1978, dismissing the exceptions of the Borough of McKees Rocks to the decision and

order of said court, dated March 29, 1978, is hereby reversed, and this case is remanded for entry of an order consistent with this opinion.