422 A.2d 1052

**PENNSBURY SCHOOL DISTRICT**

v.

**COMMONWEALTH, DEPARTMENT OF EDUCATION, Appellant.**

**PENNSBURY SCHOOL DISTRICT**

v.

**COMMONWEALTH, DEPARTMENT OF EDUCATION.**

Supreme Court of Pennsylvania.

Argued May 22, 1980.

Decided July 21, 1980.

Reargument Denied Aug. 25, 1980.

Donna S. Weldon, Asst. Atty. Gen., Phillip A. Ayres, Asst. Atty. Gen., for Com., Dept. of Ed. in both cases.

Paul L. Stevens, Carlisle, for Pennsbury School Dist. in both cases.

Michael I. Levin, Harrisburg, for amicus curiae.

Edward G. Biester, Jr., Atty. Gen., John Philip Diefender-fer, Newtown, Persifor S. Oliver, Jr., Pittsburgh, for appel-lee in No. 80–3–487.

## OPINION OF THE COURT

ROBERTS, Justice.

Like *School District of Pittsburgh v. Commonwealth, Department of Education,* 492 Pa. 140, 422 A.2d 1054 (1980), these cross–appeals present the issue whether, under section 2502(d) of the Public School Code of 1949, the Commonwealth's Department of Education must compute the state basic instructional subsidy of a school district experiencing a teachers' strike and providing less than the state–mandated number of days of instruction as though no strike had occurred and the full number of days had been provided.

A teachers' strike during the 1976–77 school year caused appellee Pennsbury School District to provide only 156 days of instruction. Taking into account this reduced number of days of instruction, the Department determined that appel-lee district is entitled to an instructional subsidy of $3,970,-312.20. Appellee district protested, claiming as did appellee district in the *Pittsburgh* case that the Department should not diminish the state basic instructional subsidy because of reduced instructional days. In appellee district's view, it is entitled to a subsidy of $4,375,452.90, or $405,140.70 more than the Department determined. After a departmental hearing, the Secretary of Education rejected appellee dis-trict's calculation. Appellee district then filed a petition for review (in the nature of mandamus) in the Commonwealth Court. On cross–motions for summary judgment, the Com-monwealth Court ruled the Department erred in taking strike–related reduced days of instruction into account, but also ruled that because subsidy funds had already been distributed the Department cannot pay appellee district the disputed sum. Thus it ordered the Department to calculate only "future final subsidy payments" without regard to reduced instructional days. These cross–appeals, from the

order of the Commonwealth Court, 47 Pa.Cmwlth. 428, 408 A.2d 211 at No. 708 C.D. 1978, followed.[1]

■ As in the *Pittsburgh* case, here we hold that the Legislature requires the Department to take into account that appellee district has not provided the full, statutorily–mandated number of days of instruction. Our reasons for so holding include the "clear implication" of several sections of the Code. See § 2523, 24 P.S. § 25–2523 (Supp.1979); Act of June 1, 1977, P.L. 4, § 1501.1, formerly 24 P.S. § 15–1501.1; Act of April 28, 1978, P.L. 121, § 1501.2, formerly 24 P.S. § 15–1501.2; Act of May 11, 1979, P.L. 26, § 1501.4. See 1 Pa. C.S. § 1924. We are also persuaded that the Legislature did not intend the unreasonable result of granting a district affected by a strike and furnishing less than 180 days of instruction the same amount of subsidy as if it furnished 180 instructional days. Nor is it the Legislature's judgment that such a district providing less than 180 days should receive the same subsidy that districts providing 180 instructional days would receive. See 1 Pa. C.S. § 1922(1). Here as in *Pittsburgh* "[w]e are satisfied that the Legislature did not intend to favor a strike–affected district with a full subsidy where it provides fewer days of instruction than the number required by state law." [2]

■ The sole contention appellee district presents here which has not been presented in *Pittsburgh* is that the method by which the Department seeks to take reductions in the number of days of instruction into account is invalid for want of compliance with the Commonwealth Documents

1. Pennsbury School District also appeals from the order of the Commonwealth Court at No. 285 C.D. 1979 dismissing a separate appeal Pennsbury filed from the Secretary's determination. The Commonwealth Court dismissed the appeal because Pennsbury did not pursue its appeal. In view of our resolution on the merits, we need not consider or disturb the Commonwealth Court's disposition.

2. We note that the version of section 2502(d) of the Code which governs this case defines subsidy factors in a manner somewhat different from the manner in which the factors applicable in the *Pittsburgh* case are defined. Our reasoning in the *Pittsburgh* case, however, is not affected by the somewhat differing definitions and is equally applicable here.

Law, Act of July 31, 1968, P.L. 769, § 101 et seq., 45 P.S. § 1101 et seq. (Supp.1979). See also 45 Pa. C.S. § 501 et seq. The Commonwealth Documents Law conditions the validity of administrative regulations on the issuing agency's compliance with prescribed publication requirements. See § 208, 45 P.S. § 1208. See generally *Pennsylvania Human Relations Commission v. Norristown Area School District*, 473 Pa. 334, 374 A.2d 671 (1977). Here, however, the Department's means of allocating state subsidy funds does not turn upon an administrative regulation. As we noted in the *Pittsburgh* case,

> "the Department admits that its power to 'establish rules of procedure' conferred under section 2501(3) in no respect gives it authority to fashion any averaging device for purposes of strike–related days of instruction. See generally B. Schwartz, Administrative Law § 58 (1976). Rather, as the Department agrees, the averaging device to be employed is determined exclusively by the Legislature's statutory reimbursement scheme. See generally *Rose Tree Media School District v. Department of Public Instruction*, 431 Pa. 233, 244 A.2d 754 (1968)."

492 Pa. at 147–148 n.5, 422 A.2d at 1058 n.5. Thus this contention, like the contentions considered in the *Pittsburgh* case, must be rejected.

Order of the Commonwealth Court at No. 708 C.D. 1978 vacated and judgment entered in favor of the Department. Order at No. 285 C.D. 1979 affirmed.

LARSEN, J., files a dissenting opinion in which KAUFFMAN, J., joins.

LARSEN, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion in *School District of Pittsburgh v. Commonwealth, Department of Education*, 492 Pa. 140, 422 A.2d 1054 (1980).

KAUFFMAN, J., joins in this dissenting opinion.