## Sharrah v. Fairfield Area School District

*Donald Manitz,* for plaintiff.
*Kenneth Lee Rotz,* for defendant.

SPICER, *P. J.,* November 26, 1982—This is a full record appeal from action by the Fairfield Area School District terminating plaintiff's employment as a

school bus driver. It is brought under the provisions of 2 Pa.C.S.A. §751 et seq.

The case has previously been before the court on preliminary objections filed to plaintiff's complaint. The court noted, in its opinion of May 26, 1982, the scope of review is limited under the provisions of 2 Pa.C.S.A. §754. The court must affirm the school district's action, if supported by substantial evidence, unless there were violations of plaintiff's constitutional rights or procedural defects in the proceeding. Only after the court determines that the action should not be affirmed does the statute and related provisions in 42 Pa.C.S.A. §706 authorize expansion of the record.

The case now presents itself on plaintiff's somewhat disguised motion to expand the record.* She wants the record to include actions by the Unemployment Compensation Board of Review in affirming a referee's determination that plaintiff (a) did not voluntarily leave employment and (b) was eligible for unemployment compensation benefits. She points out that these actions occurred after the school board hearing and should be part of the record.

Defense counsel candidly admitted that all facts requested in the record are true. However, he argued that it is too late to change the record. He pointed to the severe restrictions on the court's power imposed by the legislature and argued that this court has no power to expand the record at this moment.

It is true that a strict reading of the statutory

---

*Argument was originally scheduled on preliminary objections to defendants' answer. Plaintiff withdrew the objections and the parties proceeded by agreement as though plaintiff had filed a request that the record be expanded.

provisions might lead one to conclude that courts have no power. However, this flies in the face of reason in cases similar to this one. We do not think plaintiff should be prevented from arguing res judicata or collateral estoppel simply because the events upon which the arguments would be based occurred after the school board meeting.

The facts are simple and undeniably true. There will be no disruption in the appeal process to include them in the record.

It has been held that courts have the equitable power to order appeals reopened: Neals v. City of Philadelphia Civil Service Commission, 15, Pa. Commonwealth Ct. 5, 325 A.2d 341 (1974); Morgan v. Bucher, 442 Pa. 498, 276 A.2d 523 (1971). We certainly think the same is true regarding an expansion of the record.

The attached order will be entered.

## ORDER

And now, November 26, 1982, plaintiff's request to expand the record is granted.