John P. Neals, Appellant, *v.* City of Philadelphia, Board of Pensions and Retirement, Appellee.

646

Argued April 5, 1974, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*James A. Alexy,* for appellant.

*Wanda P. Chocallo,* Assistant City Solicitor, with her *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE BLATT, September 6, 1974:

John P. Neals (appellant), a former Lieutenant in the Philadelphia Police Department, instituted a claim under so-called Regulation 32 for disability benefits beginning January 20, 1970. Regulation 32 was adopted by the Philadelphia Civil Service Commission (Commission) to provide benefits for disabled uniform

and non-uniformed employees, and, upon adoption, it superseded contrary statewide legislation; it did not, however, preclude employees from seeking workmen's compensation benefits if they so desire.

Originally the appointing authority, the Police Commissioner, denied benefits in this case, determining that the appellant's injury was not service-connected. A timely appeal was filed with the Commission on May 12, 1970, but the Commission continued the hearing pending the disposition of another hearing involving the appellant. This other hearing concerned the appellant's dismissal from the police force on charges of Conduct Unbecoming an Officer, Neglect of Duty and Disobedience of Orders.

A complete hearing was held on the dismissal matter, but adjudication was deferred until the Commission could complete the Regulation 32 appeal. After completion of both hearings, however, the appellant claims that negotiations began between himself, his attorney and the attorney for the Commission, during which he was told that he would receive a favorable decision on his Regulation 32 appeal if he would withdraw his appeal of the dismissal charges. He further claims that he at first refused to withdraw his appeal, and indicated this decision by letter to his attorney. He then claims that he had another consultation, after which he personally delivered a letter to the Commission on December 2, 1970, which was addressed to his own attorney and which stated:

"Pursuant to our conversation on December 1st, 1970, I am writing this letter to confirm the fact that I accept the decision of the Civil Service Commission in regards to my case presently before it.

"I agree to withdraw my appeal to my dismissal from the Philadelphia Police Department and they will award me a pension under regulation No. 32.

"I also agree with the decision as outlined and understand all the ramifications attached to it."

The Commission filed an opinion on January 8, 1971, finding the appellant's disability to have been service-connected. It ordered that the "appellant is entitled to receive the applicable benefits of Regulation 32. We so certify to the appropriate authorities."

The appropriate authority (the Police Commissioner) questioned the City Solicitor's office about this order and on May 17, 1971 a Deputy City Solicitor informed him and the Commission that the "applicable benefits of Regulation 32" were benefits payable only from January 20, 1970 until May 3, 1970, the date of the appellant's dismissal. The memorandum explained that Regulation 32 benefits are only for *employees* of the City of Philadelphia and that any decision regarding entitlement for retirement or pension benefits is for determination by the Board of Pensions and Retirement (Board).

On November 22, 1971, the appellant requested the Commission by petition to 1) be permitted to withdraw his letter of December 2, 1970, 2) reopen his appeal from his dismissal and 3) receive a decision within 60 days. The Commission denied this petition. (This denial is discussed in the companion case of *John P. Neals v. Civil Service Commission,* 15 Pa. Commonwealth Ct. 5, 325 A. 2d 341 (No. 748 C.D. 1973, filed September 6, 1974).

The appellant also filed a petition with the Board which denied his application for service connected disability retirement benefits on January 20, 1972. The Board's decision was affirmed by the lower court, and the appeal before us now concerns only this decision.

Our review of this matter is governed by Section 8 of the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11308, and, because the lower court took no additional evidence, we are limited to a deter-

mination of whether the Constitutional rights of the appellant were violated or whether the local agency abused its discretion or committed an error of law. In addition, we can consider whether or not the findings of fact made by the local agency are supported by substantial evidence. *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974).

We must affirm the decision of the lower court which in turn upheld the decision of the Board.

The Board's denial of service connected disability retirement benefits was in strict compliance with the Retirement System Ordinance. That ordinance disqualifies an applicant from receiving benefits (other than withdrawal of contributions) who has been dismissed for malfeasance in office. More importantly, it further limits the filing of an application for benefits to a period within one year after separation from employment. Appellant's permanent disability began on January 20, 1970, and his dismissal was effective on May 3, 1970. His application to the Board, however, was not filed until November 22, 1971. This untimeliness alone was reason enough for the Board's refusal of the application.

The appellant argues that he did not receive the memorandum of the Deputy City Solicitor until October 12, 1971, although he admits that he was informed earlier about it. He contends that he relied on the alleged "deal" made with the Commission's attorney, i.e., that he would receive benefits if he withdrew his appeal from his dismissal. The negotiations, however, even if they occurred, are irrelevant as to the timeliness of the application. We must find, therefore, that there was no abuse of discretion or denial of constitutional rights by the Board in its proper compliance with its own regulations as to time limitations on appeals.

The appellant also argues that his dismissal was not based on malfeasance in office and, therefore, that

the Board's denial of his petition on that basis was erroneous. The charges upon which his dismissal was based, however, (and which are discussed in the companion case, *John P. Neals v. Civil Service Commission, supra*) certainly come within the general definition of malfeasance, as defined, in *Black's Law Dictionary*, 1109 (4th ed. rev. 1968): "Evil doing; ill conduct, the commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful; the doing of an act which person ought not to do at all or the unjust performance of some act which the party had no right or which he had contracted not to do. Comprehensive term including any wrongful conduct that affects, interrupts or interferes with the performance of official duties." Because of our holding in the companion case, this reason for disqualification would also be sufficient to justify denial of the application in question here.

We must, therefore, affirm the lower court which upheld the Board's refusal to accept the appellant's untimely application for service connected disability retirement benefits.