John P. Neals, Appellant, *v.* City of Philadelphia, Civil Service Commission, Appellee.

Argued April 5, 1974, before Judges KRAMER, WILK-INSON, JR. and BLATT, sitting as a panel of three.

*James A. Alexy,* for appellant.

*Wanda P. Chocallo,* Assistant City Solicitor, with her *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE BLATT, September 6, 1974:

This is an appeal by John P. Neals (appellant) from the lower court's affirmance of an order of the Philadelphia Civil Service Commission (Commission) which denied the appellant's petition to reverse and remand. His petition included a request to reinstate an appeal which the Commission held had previously been withdrawn by letter of the appellant. A full recitation of the facts which surround this case can be found in the companion case of *John P. Neals v. City of Philadelphia, Board of Pensions and Retirement,* 14 Pa. Commonwealth Ct. 645, 325 A. 2d 339 (No. 747 C.D. 1973, filed September 6, 1974).

Only some of the facts are germane to this narrow appeal. The appellant was properly served a Notice

of Intention To Dismiss, signed by the Police Commissioner. The charges in the notice included (1) Conduct Unbecoming an Officer, (2) Neglect of Duty, and (3) Disobedience of Orders, and they grew out of an investigation in which it appeared that the appellant had mishandled money recovered from persons whom he apprehended after a holdup and had given some money to a policeman and a detective. He was accused of failing to supervise his subordinates properly after the arrest he had made, both in connection with the disposition of evidence and in the proper preparation of property receipts. Furthermore, the appellant was accused of failing to follow the departmental procedures required in the general handling of evidence, in making a search of apprehended persons and in his contact with the holdup victim in the case concerned.

The appellant was suspended for thirty days without pay on April 6, 1970 and was dismissed effective May 3, 1970. He timely filed an appeal from this dismissal, and a hearing was held before the Philadelphia Civil Service Commission on July 2, 1970. He was represented by counsel at this hearing, and testimony was presented by eight witnesses including the appellant himself.

The Commission deferred its decision pending the disposition of the Regulation 32 hearing which also involved the appellant. When it was informed on January 14, 1971 that the appellant had withdrawn his appeal regarding the dismissal, however, the Commission closed the dismissal appeal without filing any opinion.

The appellant now contends that the attorney for the Commission told him that "it was the objective of the Police Department to remove the Petitioner, and that they would be willing to pay all benefits, regulation 32 and pension, [and] in return for that your

petitioner would withdraw the appeal to his dismissal from the Police Department." Upon learning, however, that Regulation 32 benefits do not accrue to those no longer employed by the City, the appellant sought to reopen his previously withdrawn appeal.

We have held that our review of these appeals is governed by Section 8 of the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11308. When, as here, the lower court has not taken additional evidence, our scope of review is limited to a determination of whether or not (1) the constitutional rights of the appellant were violated by the Commission or (2) the Commission manifestly abused its discretion or committed an error of law, and (3) the findings of fact made by the Commission are supported by substantial evidence. *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974).

"[A] request to reopen an appeal to the Philadelphia Civil Service Commission after the employe has been given an opportunity to have a hearing and has knowingly and voluntarily waived his right, does not call for a ministerial act, but, if allowable at all, is a request for relief that is purely discretionary." *Morgan v. Bucher*, 442 Pa. 498, 501, 276 A. 2d 523, 525 (1971). This discretionary power, of course, is not unbridled, but we do not believe that it was abused in this case.

The record before the Commission, which included several letters from the appellant, indicated that the appellant's withdrawal was voluntary and knowing. While his exceptions raise allegations about negotiations which were neither made a part of the record nor formally accepted by the Commission, there is no indication in the record that the appellant was forced to withdraw his appeal, and at all times during the pendency of his case he was advised by counsel. Hindsight may now indicate that he made a poor decision

in deciding to withdraw his appeal, but he did withdraw it and did so voluntarily. The Commission reviewed all of these circumstances, and in its discretion denied the petition to reverse and remand. We will not disturb this proper exercise of administrative discretion (*See Blumenshein v. Pittsburgh Housing Authority*, 379 Pa. 566, 109 A. 2d 331 (1954)). We affirm the order of the lower court.